### (December 5, 1967)

■ FANNIE LEVIN et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 38792.) JERICHO HOLDING CORP. et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 39608.) — GIBSON, P. J. Cross appeals from a judgment of the Court of Claims awarding damages for the appropriation of lands for highway purposes. Claimants' property of approximately 11 acres, described by them as a country club, abutted the southerly side of the Jericho Turnpike in Oyster Bay. For the purpose of widening this highway the State took a 50-foot strip of claimants' frontage, .476 acre in fee and .189 acre in permanent easements. The court's award of $16,600 therefor is not in dispute. Additionally, the court awarded $15,000 as " cost-to-cure " damages arising out of a change of grade

whereby the highway was raised from three to five feet, an embankment was constructed and the gradual slope from the highway southward toward the buildings and parking areas was increased to a steeper slope, creating problems of access and drainage, and necessitating, according to claimants' proof, considerable fill and reconstruction of access driveways, as well as the placement of guard rails and the replacement of fencing. The State concedes that the steeper embankment required correction in order to provide a smooth transition in slope but disputes the creation of the drainage problem, which its own expert seems to have recognized, this witness stating, too, that "some part" of his $6,800 cost-to-cure estimate was "to back-fill in there and overcome the drainage problem." In awarding $15,000 to correct this and the other physical damage above discussed, the court expressly found unnecessary the more elaborate drainage system suggested by claimants' expert, included in his cost-to-cure estimate of $29,900. We are unable to hold that the other elements of damage encompassed by the $15,000 award were not demonstrated by, or inferable from adequate and sufficient evidence; and the over-all figure found is well within the range of the evidence on this branch of the case. Finally, the State questions the court's award of $55,900 consequential damage to the remainder, contending principally that the award is duplicative. The appropriated 50-foot strip included a 30-foot strip extending the width of the property and planted with large trees and shrubs, with the undoubted result of substantially enhancing the value of the property by screening it from the street, thus affording privacy, desirable and valuable to the club operation, and creating scenic or aesthetic value as well. The parties were in agreement that the entire property constituted a specialty and in addition to demonstrating replacement cost of the structural and like improvements, claimants offered expert proof of the replacement cost of these large and extensive plantings to the amount of $45,000. Although the record makes it clear beyond question that the consequential damage to the property not taken was caused principally and primarily by the destruction of trees and shrubbery of $45,000 replacement cost, claimants' experts testified to consequential damage as high as $160,000. That the award is indeed duplicative is clearly apparent from the court's finding: "12. That beyond the replacement value of the trees, their elimination affected the value of the whole — land, improvements and buildings." That claimants recognize the duplication, while endeavoring — unsuccessfully, in our view — to justify it, is evident from their argument that "the Court properly made an award which included the replacement cost of the trees to restore the privacy and, in addition, considered value for the trees and the beautification they afforded." Claimants in their brief also recognize that "As the State correctly indicates, the Court is entitled to consider the presence of the trees as a factor which would enhance the fair market value of the property as a whole" but no sound reason is advanced in the decision or in either brief for finding enhancement value in an amount greater than replacement cost, assuming that the record in this case would warrant a finding of enhancement value as great as replacement cost. Beyond a reference to certain testimony that new plantings would create additional damage by encroaching upon other areas of relatively small value, there is no indication that the court found any substantial consequential damage beyond that attributable to the destruction of the trees and shrubbery and certainly did not, in its decision, clearly point to any other factor or element of substantial consequential damage. Upon independent analysis and evaluation, we conclude that claimants' consequential damages aggregate $50,000. The awards of $16,600 for direct damage and $15,000 for cost-to-cure damage must be approved; but the award of $55,900 consequential damage is excessive, and must be reduced to $50,000. Remittal is

necessary, however, to afford the parties the opportunity to develop the record with respect to the periods for which interest is allowable, claimants contending, and the State denying, that the facts of this case bring it within *Leeds* v. *State of New York* (20 N Y 2d 701), which was decided subsequent to the date of the amended decision herein of the Court of Claims. The judgment is modified, on the law and the facts, so as to reduce the award to $81,600 and appropriate interest and so as to provide that the claim be remitted to the Court of Claims to determine the periods for which interest is allowable, and, as so modified, the judgment is affirmed, without costs. Settle order. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gibson, P. J.